IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN RAMIREZ, JR., | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Cause No. 2:11cv408 |
| | § | |
| ERNEST GUTIERREZ, ET AL., | § | |
|    Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND FOR PRIVATE INVESTIGATOR

  Plaintiff Juan Ramirez, Jr. is a former prisoner at the Texas Department of Criminal Justice, Criminal Institutions Division's ("TDCJ-CID") McConnell Unit, and is currently incarcerated at the USP McCreary in Pine Knot, Kentucky. On December 27, 2011, he filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that certain employees of TDCJ-CID were deliberately indifferent to his serious medical needs when they extracted a healthy tooth without anesthetic and left a painful and diseased molar in place for several months (D.E. 1). Pending is plaintiff's motion for appointment of counsel and for a private investigator (D.E. 49).

  In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick,

26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims, and that he knows how to use the law library. He appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. The parties are in the discovery phase of the case. Dispositive motions are not due until July 26, 2013 (D.E. 44).

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees

to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 47) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

Plaintiff seeks, in the alternative, appointment of a private investigator. There are no funds available for a private investigator, and plaintiff has not shown the need for one in this litigation.

ORDERED this 5th day of April, 2013..

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE