UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN RAMIREZ, JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:11-CV-408 |
| | § | |
| ERNEST H GUTERREZ, JR, *et al*, | § | |
| | § | |
| Defendants. | § | |

# OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In this lawsuit brought pursuant to 42 U.S.C. § 1983, Plaintiff, who was a state prisoner incarcerated at TDCJ-CID's McConnell Unit at the time of the events that form the basis of his lawsuit, claims that Defendants drilled and extracted a healthy tooth without any anesthesia instead of removing the diseased tooth that had been numbed with novocaine. Plaintiff further claims that defendants then failed to timely correct the mistake and failed to treat his pain. Plaintiff also alleges state law claims of negligence and malpractice. Pending is Plaintiff's motion for summary judgment (D.E. 47). Defendants filed a response (D.E. 51).

## Summary Judgment Standard

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require

1 / 4

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motions.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings.  Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 248-49. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." Caboni, 278 F.3d at 451.  "If reasonable minds could differ as to the import of the evidence . . . a verdict should not be directed." Anderson, 477 U.S. at 250-51.

## Deliberate Indifference Standard

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation omitted).  A prison official violates this duty when by act or omission he is

deliberately indifferent to prison conditions which pose a substantial risk of serious harm. Id. at 834.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs.  Wilson v. Seiter, 501 U.S. 294, 303.(1991);  Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Deliberate indifference encompasses more than mere negligence on the part of prison officials.  Farmer, 511 U.S. at 837.  It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act.  Id.  Furthermore, negligent medical care does not constitute a valid § 1983 claim.  Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993).  See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim").  As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982).  Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered.  See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321.  "Deliberate indifference is an "extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

**Discussion**

Here Plaintiff alleges that Defendants extracted the wrong tooth without anesthesia and left him to suffer with pain from the extraction and pain from the delay in treating and removing the diseased tooth. Defendants dispute Plaintiff's allegation and have pleaded their entitlement to qualified immunity. In support of his motion for summary judgment, Plaintiff submitted his affidavit and copies of dental records showing that his dental appointments were rescheduled several times due to unavailability of escorts. Plaintiff has not submitted any dental records conclusively establishing that Defendants extracted a healthy tooth, nor has Plaintiff demonstrated that the delays in treatment caused by an unavailability of security personnel to escort him to dental appointments constituted deliberate indifference on the part of the named Defendants. Fact issues preclude entry of summary judgment on Plaintiff's claims.

Accordingly, Plaintiff's motion for summary judgment (D.E. 47) is denied.

ORDERED this 19th day of June, 2013.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE