UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JUAN RAMIREZ, JR., §
§
Plaintiff, §
VS. § CIVIL ACTION NO. 2:11-CV-408
§
ERNEST H GUTERREZ, JR, *et al*, §
§
Defendants. §

**ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is Defendant Dr. Turner's and Defendant Montooth's (hereinafter, Defendants) Motion for Summary Judgment. (D.E. 66). On November 8, 2013, United States Magistrate Judge B. Janice Ellington submitted a Memorandum and Recommendation recommending that Defendants be granted summary judgment. (D.E. 74). Plaintiff timely filed his objections on December 16, 2013. (D.E. 78).

In her Memorandum and Recommendation, the Magistrate Judge found: (1) Plaintiff's claim was barred by the Prisoner Litigation Reform Act (PLRA)[1] for failure to exhaust; (2) Plaintiff failed to state a constitutional violation; and (3) Defendants were entitled to summary judgment on Plaintiff's state law claims of medical malpractice because Plaintiff failed to designate an expert. Plaintiff's objections focus primarily on the factual findings relevant to the Magistrate Judge's conclusions concerning the

[1] 42 U.S.C. § 1997e(a).

exhaustion requirement and the statement of a constitutional claim. The objections are addressed below.

With regard to the exhaustion requirement, Plaintiff raises two objections. First, Plaintiff objects to what he perceives as an incomplete record with regard to his grievances. He complains that Defendants "perpetuat[ed] a gross misrepresentation" by submitting a partial record that did not include his Step 1 grievance of September 2, 2011, # 2012001787, and the accompanying Step 2 grievance of September 13, 2011. It is clear that the Magistrate Judge considered the content of the grievances in question in reaching her decision (D.E. 74, p. 5), and even recited the factual content of those grievances in her discussion (D.E. 74, p. 7). Moreover, the Magistrate Judge acknowledged that Plaintiff offered evidence of the grievances in question in rebuttal to Defendants claim that none were filed. D.E. 74, p. 7. Because the Magistrate Judge appropriately considered the relevant grievances, Plaintiff's objection is **OVERRULED**.

Second, Plaintiff objects to the Magistrate Judge's finding that his relevant grievances were not timely filed and the resulting conclusion that his claims are unexhausted and procedurally barred. Plaintiff argues that "because his injury from the May 24 procedure was 'ongoing,' TDCJ's determination that his grievance was untimely filed was made in error." D.E. 78, p. 5.

According to TDCJ policy, an inmate has "15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance."

*See* TDCJ-CID Offender Orientation Handbook, at 52-53 (Nov. 2004).[2] "[A] claim generally accrues the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured and that there is a connection between his injury and the defendant's actions." *Starks v. Hollier*, 295 Fed. App'x. 664, 665 (5th Cir. 2008) (internal quotation marks and citation omitted). The fact that a condition continues does not excuse the failure to file a grievance earlier. *Johnson v. Johnson*, 385 F.3d 503, 519 (5th Cir. 2004).

Plaintiff's allegations indicate that he suffered from a discreet medical condition—decay in teeth #30 and #31 requiring restoration. Plaintiff alleges that on May 24, 2010, Defendants not only failed to treat this condition but also worsened the injury by drilling the wrong tooth, causing Plaintiff significant pain. D.E. 1, p. 8.

Plaintiff's argument that TDCJ erroneously determined that his Step 1 grievance was untimely because "his injury from the May 24 [2010] procedure was 'ongoing'" does not excuse his failure to file his Step 1 grievance until September 2, 2011. The "alleged incident" or "occurrence of the issue" which constitutes the gravamen of Plaintiff's complaint is the drilling and filling of tooth #2 instead of teeth #30 and #31. In other words, the procedure that occurred on May 24, 2010, and the Defendants' failure to correct the mistake until October 4, 2010, is the basis of Plaintiff's lawsuit.

In *Starks*, a federal prisoner's claim, arising from his alleged exposure to tuberculosis accrued when he was first informed of his exposure. Similarly, in this case, Plaintiff became aware that the wrong tooth was treated on May 24, 2010. D.E. 73-4,

---

[2] Available at http://www.tdcj.state.tx.us/publications/pubs_cid_offender_orientation_handbook.html.

p. 3 ("After the procedure . . . Dr. Turner consulted his notes and realized that he had drilled and filled the wrong tooth. He said he did not have time to drill the correct teeth, but that he would reschedule me for restorative treatment for those teeth."). At this time, Plaintiff was both aware that he had suffered an injury and knew that there was a connection between his injury and Defendant's actions. As a result, the grievable issue accrued on May 24, 2010, when Plaintiff became aware that he suffered an injury at the hands of Defendants.

Plaintiff's claim that the pain caused by the procedure on tooth #2 constitutes an ongoing condition and thus the grievable period was not triggered in May 2010 fails because the Fifth Circuit has made clear that the fact that a condition continues does not excuse the failure to file a grievance earlier. *Johnson*, 385 F.3d at 519. Moreover, the pain Plaintiff allegedly suffered did not hinder him from filing a grievance.[3]

Plaintiff cannot—more than a year after his injury—attempt to characterize pain that he has been aware of since as early as May 2010 as an "ongoing condition" in order to relate it back to the discreet medical event that triggered his awareness of the injury and thus, his grievable period. Plaintiff had 15 days from the "occurrence of the issue" to file a grievance. Because he did not do so, his claim is unexhausted and procedurally barred. Accordingly, Plaintiff's objection is **OVERRULED**.

The PLRA requires that a prisoner exhaust all available administrative remedies for a particular claim before bringing federal suit. 42 U.S.C. § 1997e(a). Exhaustion is

[3] *See Days v. Johnson*, 322 F.3d 863, 868 (5th Cir. 2003) (holding that an inmate's claim was properly exhausted despite filing an untimely grievance because the hand injury he complained of hindered him from filing, thus rendering the prison's grievance process unavailable to him for purposes of his § 1983 claim until the injury healed).

not left to the discretion of the district court, but is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (per curiam). "Congress unambiguously expressed its intent that exhaustion be generally imposed as a threshold requirement in prisoner cases." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). Because the Court finds that Plaintiff's claim is unexhausted and procedurally barred, any other consideration of Plaintiff's § 1983 claim falls outside of this Court's jurisdiction. Consequently, the Court does not find it necessary to address the portion of the Memorandum and Recommendation regarding the failure of Plaintiff to state a constitutional violation.

Plaintiff did not raise specific objections to the Magistrate Judge's findings concerning his state law medical malpractice claim. Therefore, this Court need only satisfy itself that there is no plain error on the face of the record with regard to Plaintiff's state law claims. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citations omitted). The Magistrate Judge found that Plaintiff could not establish his medical malpractice claim because he failed to designate an expert to testify regarding such claim. Finding no plain error, this Court **ADOPTS** the findings of fact and conclusions of law expressed in the Memorandum and Recommendation with regard to Plaintiff's state law medical malpractice claim.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a

*de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge with respect to the exhaustion requirement and the state law medical malpractice claim. Accordingly, Defendants' Motion for Summary Judgment (D.E. 66) is **GRANTED**.

ORDERED this 27th day of January, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE